**TRAUTWEIN et al. v. MORENO MUT. IRR. CO. et al.**

Circuit Court of Appeals, Ninth Circuit. October 31, 1927.

No. 5239.

**1. Injunction ⚖︎146—On application for injunction, court must consider testimony and exercise its discretion, regardless of verified denials in answer.**

Rule that an injunction will not be granted, where the equities of the complaint are denied by verified answer, applies only where the application is heard on bill and answer, and where evidence is introduced it is duty of court to consider the testimony offered, and to exercise its discretion according to the rights of the parties, regardless of denials in the answer or conflicts in the affidavits filed.

**2. Injunction ⚖︎151—On application for preliminary injunction, only question is whether plaintiffs have made prima facie case.**

On application for preliminary injunction, courts are only concerned with question whether plaintiffs have made out a prima facie case, and other questions will be left for consideration when case is heard on merits.

**3. Injunction ⚖︎135—Granting preliminary mandatory injunction is largely discretionary with court.**

Granting of preliminary mandatory injunction is largely within court's discretion, and the principal consideration is the relative inconvenience to the parties that will result from granting or refusing the relief.

**4. Waters and water courses ⚖︎254—Granting injunction pendente lite, requiring owners of irrigation system to transport water as common carrier, held not improper.**

Granting of injunction pendente lite, requiring defendant owners of an irrigation system, consisting of tunnels, pipe lines, and aqueducts, to transport water delivered to them by plaintiffs, in action in which chief issue was whether defendants were common carriers, held not improper, where defendants had ample facilities to comply with decree, and had been discharging that duty in the past, and were willing to do the same at the present and future at their own volition, and under express contract, but declined to do so as a matter of legal obligation.

**5. Injunction ⚖︎164—During term and pendency of action trial court can modify preliminary injunction order, so far as it is in excess of jurisdiction.**

Trial court during the term, and even during pendency of the action, has power to modify its preliminary injunction order, so far as it is in excess of jurisdiction.

**6. Waters and water courses ⚖︎257(1)—Preliminary injunction requiring owners of irrigation system to transport water as common carrier properly fixed rates.**

Though a court has no power to establish rates generally, it has power to prescribe the conditions on which injunctive relief shall be granted, and an injunction pendente lite, requiring defendants to transport water for plaintiffs in their irrigation system on theory that defendants were common carriers, properly fixed rates for such services.

**7. Removal of causes ⚖︎114—Federal court order granting preliminary injunction after removal should be deemed denial of motion to vacate similar state court order (Judicial Code, § 36 [28 USCA § 79]).**

Federal court order granting preliminary injunction after removal of action from state court should be deemed an order denying a motion to vacate a similar order made by the state court prior to the removal, in view of Judicial Code, § 36 (28 USCA § 79).

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Paul J. McCormick, Judge.

Suit by the Moreno Mutual Irrigation Company and another against Mary A. Trautwein and others. From a decree granting an injunction pendente lite, defendants appeal. Affirmed.

Sidney J. Parsons, of Los Angeles, Cal., for appellants.

Tanner, Odell & Taft, of Los Angeles, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree granting an injunction pendente lite. For convenience, the parties will be referred to here as designated in the court below. The pleadings are somewhat voluminous, but there would seem to be but a single question at issue between the parties. The defendants are the owners of 17,000 acres of land in the Moreno valley, in Riverside county, California, together with an extensive irrigation system, consisting of tunnels, pipe lines, and aqueducts connected therewith. The plaintiff Moreno Mutual Irrigation Company is a corporation organized under the laws of the state of California for the purpose of producing, transporting and delivering water for the use of its stockholders, and the plaintiff Moreno Water Company is one of such stockholders. The plaintiffs contend and allege that for 10 years last past the defendants and their predecessors in interest have, among things, accepted water from third persons for transportation and delivery through their pipe lines and system, and that in operating the system they have become and are a public utility, and as such they are obligated by law to perform such last-mentioned service upon demand and upon the payment of the reasonable charges therefor. The defendants admit that they have from time to time accepted water for transportation and delivery from third persons, including the plaintiffs, as alleged, but aver that this has always been done under an express contract. They deny that they are, or ever have been, engaged in a public service, or that they are a public utility, or that they have ever held themselves out as such.

In November, 1926, the plaintiff Moreno Mutual Irrigation Company delivered into the pipe line and tunnel of the defendants a quantity of water for transportation and delivery to the plaintiff Moreno Water Company, without the apparent consent of the defendants, and the defendants refused and still refuse to deliver the same. The capacity of the system owned and operated by the defendants is more than ample to transport the water thus tendered, and no damage or injury will result to the defendants, their tunnel or pipe lines, because of such transportation, but unless delivery is made the lands and orchards owned by the stockholders of the plaintiffs will be irreparably injured.

From the foregoing statement it will appear that the character of the business conducted by the defendants is the only question in issue. If they are common carriers,

or a public utility as defined by the laws of the state, the refusal to accept the water for delivery was wrongful. If, on the other hand, they are not such common carriers, or public utility, they acted within their rights.

The action was commenced in a state court, and upon the filing of the complaint the court granted a temporary injunction, accompanied by an order requiring the defendants to show cause at a later day why an injunction pendente lite should not be issued in accordance with the prayer of the complaint. On the return day named in the show-cause order, a temporary injunction was granted directing the defendants to permit the plaintiffs, and other landowners, for whom they are suing, to receive such water as might be delivered by the plaintiff Moreno Mutual Irrigation Company into the pipe lines and tunnel of the defendants, and to carry the same through such pipe lines and tunnels to the lands of the plaintiffs in the Moreno Valley and make delivery thereof to the Moreno Water Company, or to its stockholders, upon the payment of 16 cents per day inch for such service. Thereafter the action was removed into the federal court on the petition of the defendants because of a diversity of citizenship, and there the plaintiffs apparently made an application for a continuance in force of the temporary injunction granted by the state court. A like order was thereupon made in the federal court, but later that court, of its own motion, struck from the order the requirement that 16 cents per day inch for delivery should be paid, and inserted in lieu thereof a requirement that payment should be made at such rate or price as may be hereafter established and fixed by lawful authority. From the order granting the temporary injunction and the modification thereof, this appeal is prosecuted.

The defendants first contend that inasmuch as the suit was brought on behalf of the plaintiffs and on behalf of others similarly situated as well, such other parties should be made plaintiffs, but the record discloses no defect of parties plaintiff, and the contention is without merit.

[1] It is next contended that a temporary injunction will not be granted, where all the equities of the complaint are denied by answer and affidavits. The rule that an injunction will not be granted where the equities of the complaint are denied by verified answer is only applicable where the application is heard on bill and answer. "On an application for an injunction, the court will apply the familiar rule that, where a sworn an-

swer is responsive to the bill and clearly and positively denies its allegations, the allegations of the bill must be proved by the testimony of at least two witnesses, or by the testimony of one witness with corroborating evidence, otherwise relief must be denied; but the rule will not be applied where the bill is verified, where the answer is upon information and belief, or where the answer fails to deny important allegations." 32 C. J. 355. If the mere denial of the equities of the bill by answer or affidavit will deprive the court of all power to grant a preliminary injunction, few such injunctions will be granted. It is the duty of the court in such cases to consider all testimony offered, and to exercise its discretion according to the rights of the parties, regardless of denials in the answer or conflicts in the affidavits filed.

The principal contention of the defendants seems to be that the injunction deprives them of their property without compensation and without due process of law, but this contention assumes the very question in issue. If the defendants are right in their contention that they are not a public utility, or common carriers, of course the temporary restraining order has the effect claimed; but if they are a public utility, or common carriers, a decree which compels them to discharge their public duty upon payment of the compensation prescribed by law does not take their property, or deprive them of their property, without due process of law. In the many cases in which injunctions have been granted to compel public service corporations to discharge their public duties, no such contention has ever been made or sustained.

[2] It is further contended that the Railroad Commission of the state has no power to declare what shall constitute a public utility, that executors and administrators cannot burden the property of the heirs by the use made of it in the course of administration, and that an attorney in fact is equally lacking in power; but those are all questions for consideration when the case is heard on the merits. On the present hearing, the courts are only concerned with the single question: Did the plaintiffs make out a prima facie case?

[3] The right of the plaintiffs to the injunction granted is not entirely clear. It has been held in many cases that a mandatory injunction will not be issued on an interlocutory application. "But this view is against the weight of authority, which recognizes the power of a court of equity to award preliminary mandatory injunctions, and holds that it is proper to do so in extreme

cases, where the right is very clear indeed, and where considerations of the relative inconvenience bear strongly in complainant's favor; and especially is this so where the acts complained of are willful and fraudulent and without any pretense of right. While it is generally true that the office of a preliminary injunction is to preserve the status quo until upon final hearing the court may grant full relief, and that this can be accomplished by an injunction prohibitory in form, it sometimes happens that the status quo is a condition, not of rest, but of action, and the condition of rest is what will inflict the irreparable injury complained of, in which circumstances courts of equity may issue mandatory writs before the case is heard on its merits." 32 C. J. 24; Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Co. (C. C.) 54 F. 730–741, 19 L. R. A. 387. Inasmuch as the defendants were not transporting or carrying water for the plaintiffs immediately prior to the demand in question, it is doubtful whether the status quo in this case was a condition of action; but, after all, the question rests very largely in the discretion of the court, and the principal consideration is the relative inconvenience to the parties that will result from granting or refusing the relief.

[4] Here the ultimate question involved is an important one from the standpoint of the defendants, inasmuch as it involves their right to control and dominion over their own property free from outside interference; but the question whether they should be compelled to transport water during the pendency of the action is one of relatively little moment. The defendants have the facilities to discharge the duty imposed by the decree. They have been discharging that duty in the past, and are willing to do the same thing at the present time and in the future at their own volition and under an express contract; but they decline to do so as a matter of legal obligation. The court, therefore, has required of the defendants little more than they themselves express a readiness to do, but under somewhat different conditions. The order of the state court and the original order of the federal court fixed the compensation to be paid to the defendants at the average rate charged by them for the like service during the preceding six months, and it is apparent from this that the defendants will suffer no material injury. True, the lower court later modified this portion of the decree, and that modification is now charged as error, though not assigned as error in the record.

[5, 6] It is earnestly contended by the de-

fendants that the court below was without power to modify the order after it was once made, and the modifying order is not challenged on any other ground. But, if that part of the order was in excess of jurisdiction, the power of the court to change it during the term, or even during the pendency of the action, is not open to question. We do not desire to be understood, however, as approving the modifying order, because we think that it was erroneous and the reasons assigned therefor unsound. As an abstract question, it is doubtless true that a court has no power to establish rates; but it has power to prescribe the conditions upon which injunctive relief shall be granted, and it has been uniform practice in rate cases to prescribe the rate to be paid during the pendency of the suit. In no other way can complete equity be done. It would certainly be inequitable to compel the defendants to perform the service without payment of the compensation to which they are admittedly entitled and relegate them to some other forum, or to an action on the bond to recover their compensation. However, the modification is not challenged on that ground, nor does it seem that any useful purpose would be subserved by changing the order at this time. The defendants are doubtless protected by the bond given in their behalf.

[7] It is suggested by the plaintiffs that no good would result from a reversal of the decree, in any event, inasmuch as the reversal would leave the decree of the state court in full force and effect. Section 36 of the Judicial Code (28 USCA § 79) provides that all injunctions, orders, and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court to which the suit is removed. This statute continued the injunction granted by the state court in effect, but, for some reason not disclosed by the record, the plaintiffs deemed it proper to apply to the lower court for a continuation of the restraining order after removal. This application was heard upon notice and was contested by the defendants, not upon the ground that there was already an existing injunction, but upon the ground that the plaintiffs were not entitled thereto. While, therefore, there is technically no order of the court below either dissolving or modifying the injunction in the state court, we think that the order granting the injunction over objection in the federal court should be deemed an order denying a motion to vacate the order of the state court. The question is not important here, but we refer to it as the practice below

seems to have been somewhat out of the ordinary.

The defendants made a counter application in the court below for a preliminary injunction to restrain the plaintiffs from doing the very thing which the court below has by its decree permitted them to do. Of course, the defendants will be entitled to such an order to prevent future threatened injury in the event the court below holds, or finds, that the defendants are not a public utility or common carriers; but, in that event, in all probability no such order will be necessary.

The decree of the court below is affirmed.