**ZUGSMITH et al. v. DAVIS et al.**

United States District Court
S. D. New York.

Dec. 29, 1952.

Halperin, Natanson, Shivitz & Scholer, New York City, for plaintiffs.

Harvey J. Scribner, New York City, for defendants.

EDELSTEIN, District Judge.

Plaintiffs move for an injunction pendente lite of both a mandatory and a restraining nature, in a suit embracing five causes of action seeking damages in the total sum of $2,320,000, as well as equitable relief. The suit grew out of a venture entered into between the plaintiffs, husband and wife, and the defendant Smith Davis and his wife, in which each couple acquired an equal stock interest in the Smith Davis Corporation, an enterprise devoted to brokerage in the sale, leasing and financing of newspapers, radio and television stations. The adventure matured unhappily, with Davis, it is alleged, retaining the corporate premises and the control of the business, while Mr. Zugsmith was excluded from any knowledge of or participation in the disposition of the assets of the corporation. The complaint sets forth a breach of Zugsmith's contract of employment by the corporation; tortious inducement by the individual defendants to the corporation to breach the contract; a stockholders' cause of action charging waste by individual defendants as officers and directors in connection with a contract of employment of the defendant Davis; a stockholders' cause of action against all defendants for waste committed by them as officers and directors in connection with assets of the corporation appropriated to themselves; and a stockholders' cause of action to compel individual defendants to account, as officers and directors, for acts of waste and mismanagement. The answer contains eleven defenses, of which four deny the material allegations of the complaint, and two counterclaims, including a stockholders' cause of action charging Zugsmith with misappropriation of funds and assets of the defendant corporation in the amount of $111,483.20.

The specific transactions which form the basis for the motion for injunctive relief are four: (1) The opening of a bank account in the corporate name by means of an allegedly fraudulently executed certificate of resolution, and the subsequent appropriation of corporate moneys from that account by Davis. It does appear that the certificate was executed without having been authorized by a meeting of a quorum of the board of directors. But it is asserted that because of the deadlock in the affairs of the corporation occasioned by a refusal of the Zugsmiths to attend stockholders' and directors' meetings, it was necessary to open an account to collect and preserve the assets of the corporation in order to pay its debts, a previous bank account having been closed at the request of the bank because of excessive withdrawals by Zugsmith. It is further alleged that Davis paid the debts of the corporation before taking any of the funds for his own back salary account. Mandatory injunctive relief is requested by plaintiffs, requiring a return to the corporation of money distributed from the account. (2) It is alleged that the defendant Davis received a $42,500 fee as a commission on the sale of a newspaper, The Portland Oregonian, a transaction undertaken in competition with the defendant corporation and in violation of his agreement with it. But Davis denies categorically that he had anything to do with the initiation or consummation of the transaction, the defendant Manno having undertaken the project on his own subsequent to his severance of employment with the defendant corporation. And Manno, it is stated, pursuant to an informal understanding in which no specific terms were agreed upon, paid the indicated sum to Davis as a return for the risk the latter assumed in supplying the former with office facilities and some credit. The check from Manno was not put through Davis' checking account, but was used to purchase a cashier's check. No injunctive

relief is requested aimed specifically at this item. (3) Davis collected $20,000 representing the balance of a commission due the defendant corporation for the sale of some newspaper stock. This money was taken for his own personal use and he charged it to his back salary account, alleging that he did so only after the corporate debts had been paid and after the plaintiff Zugsmith had drained the corporate account by checks written to the order of himself and his wife, so that there never had been a sufficient balance for Davis to draw his salary. A mandatory injunction is requested requiring Davis to repay the sum into the corporate treasury. (4) The balance of a fee due the defendant corporation from the sale of The New Orleans Item, was assigned to Davis and Manno, in the ratio of 75 percent to 25 percent, along with the contract between the Item and the corporation. The contract required the defendant corporation to render financial and consulting services for a period of five years, and the assignment was made, it is said, after insurmountable difficulties appeared between Zugsmith and Davis, so that the contract could not be carried out by the corporation. The full balance of the fee, less a discount for prepayment, was received by Davis and Manno, and the former charged his share to his salary account. Mandatory injunctive relief is requested to require repayment of the money, less discount, into the corporate treasury.

In addition, the plaintiffs pray for injunctive relief to enjoin any possible future misappropriations, for the appointment of a receiver to administer the assets of the corporation and for the setting of an early trial date.

■ This court has jurisdiction to grant the interlocutory injunctive relief requested, including that of a mandatory nature. Trautwein v. Moreno Mut. Irr. Co., 9 Cir., 22 F.2d 374; Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Co., C. C., 54 F. 730; Asher v. Ingels, D.C., 13 F. Supp. 654. But it is "a cardinal principle of equity jurisprudence that a preliminary injunction shall not issue in a doubtful case. Unless the court be convinced with reasonable certainty that the complainant must succeed at final hearing the writ should be denied." Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 153 F. 907, 908. And a mandatory injunction is properly issued only "in extreme cases, where the right is very clear indeed * * *." Trautwein v. Moreno Mut. Irr. Co., supra, 22 F.2d at page 376. The plaintiffs, essentially, are charging Davis with misappropriation of corporate funds in the enumerated situations; and Davis, in large part conceding the occurrence of the situations, denies that any misappropriation was involved, insists that the defendant corporation at all times received all of the income properly due it and counters with a charge that the plaintiff Zugsmith improperly drained the assets of the corporation. In the present state of the record, I feel that there are insufficient evidentiary facts to permit an accurate appraisal of the ultimate facts, and consequently, the parties' rights do not appear clearly enough, even with respect to the four described transactions, to warrant the interposition of an interlocutory injunctive remedy.

■ Furthermore, it has not been clearly established that the plaintiffs have no adequate remedy at law or that irreparable injury is immediately impending. Although plaintiffs' attorney has set forth that he was advised by Davis' attorney that the latter was insolvent, with the filing of a petition in bankruptcy in immediate contemplation, there is no actual allegation of insolvency. What is signified by the affidavit is merely an expression of fear and apprehension of irreparable injury, which is not a sufficient basis for granting the injunctive relief sought. Behre v. Anchor Ins. Co., 2 Cir., 297 F. 986. In these circumstances it must be taken that the plaintiffs have not made the necessary showing of the absence of an adequate remedy at law.

The parties seem to be in agreement that absent a return of money to the corporate treasury under a mandatory injunction, no useful purpose would be accomplishesd by the appointment of a receiver. And the ap-

916

plication for an early trial date must be directed, as indicated at oral argument, to the Chief Judge.

Accordingly, the motion will be denied.