**Bernard HIATT, Appellant,**

v.

**Emil A. SCHLECHT, E. B. Weber, Norman L. Buckner, Robert J. Caley, Carl M. Halvorson, Eric Hoffman, J. M. Steinmuller, Jr., and Ralph Pierson, as Trustees for the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund and as Trustees for the Oregon-Washington Carpenters-Employers Pension Trust Fund, Appellees.**

No. 21825.

United States Court of Appeals
Ninth Circuit.

Aug. 13, 1968.

Henry Camarot (argued), Sanders, Lively, Camarot & Wiswall, Springfield, Or., for appellant.

Paul T. Bailey (argued), Bailey, Swink & Haas, Portland, Or., for appellees.

Before HAMLEY and ELY, Circuit Judges, and VON DER HEYDT,* District Judge.

## OPINION

VON DER HEYDT, District Judge:

This is an appeal from a judgment entered by the District Court for plaintiffs. Plaintiffs, appellees herein, are trustees of the Oregon-Washington Carpenters-Employers Pension, and Health and Welfare, Funds. They filed a complaint seeking specific performance of certain trust agreements which they alleged were incorporated by reference into a labor agreement signed by defendant. Defendant, appellant herein, is a small building contractor. He contends, *inter alia*, that the District Court did not have jurisdiction because he is neither "in commerce" nor engaged in an "industry affecting commerce" as required by Section 301 of the Labor Management Relations Act.[1] We consider here only the issue of the District Court's jurisdiction.

In support of his contention that the District Court lacked jurisdiction, appellant urges that he purchased all of his supplies and performed all of his contracts during the period in question in Oregon, and did no work for any company engaged in interstate commerce.

The record notably lacks adequate evidence on behalf of appellees in support of the District Court's jurisdictional requirement. We find this evidence to be insufficient. We glean from the record in this regard only that the plumbing fixtures which appellant used in 1963, 1964, and 1965 were manufactured outside Oregon,[2] that cost of these items totalled, for both labor and materials, some $5,600 to $8,000 for the years in question,[3] and that appellant's annual gross income averaged about $150,000.

The District Court determined that it had jurisdiction.

The terms "in commerce" or "industry affecting commerce" are broadly defined. Many authorities require a direct purchase of materials from another state, usually in comparatively substantial quantities, to find jurisdiction.[4] The

---

* Hon. James A. von der Heydt, United States District Judge, Anchorage, Alaska, sitting by designation.

1. 29 U.S.C. § 185(a) (1964).

2. There was actually no evidence as to this, but the District Court took judicial notice of the 'fact.' In the light of our conclusion, we need not discuss the propriety of its having done so.

3. The record suggests that the electric fixtures which appellant used may also be included in this computation.

4. See, e.g., Liner v. Jafco, 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964);

size of a particular business [5] or the actual dollar value of commerce conducted [6] alone is not determinative of the question.

The record establishes the following with regard to appellant's activities: He did not

1) construct outside Oregon;

2) subcontract with contractors engaged in business outside Oregon;

3) purchase materials or supplies from persons outside Oregon;

4) contract with subcontractors outside Oregon;

5) do any business with any firm or company in any other states;

6) work on any federal, state, or political subdivision projects;

7) ever work on any defense projects;

8) perform work on a facility directly utilized for the purpose of interstate commerce.

This manifest lack of interstate contact, considered with the significant insufficiency of appellees' affirmative evidence upon the jurisdictional question, distinguishes this case from those relied upon by appellees.[7]

Clearly, the evidence is insufficient to establish that appellant engaged in interstate commerce or in industry affecting commerce. We find the District Court lacked jurisdiction. Because of this conclusion, it is unnecessary to reach the remaining issues raised by this appeal.

Reversed and remanded with instructions to the District Court to vacate judgment and dismiss appellees' complaint for want of jurisdiction.

NLRB v. Inglewood Park Cemetery Ass'n, 355 F.2d 448 (9th Cir.), cert. denied, First Congregational Church of Los Angeles v. NLRB, 384 U.S. 951, 86 S.Ct. 1572, 16 L.Ed.2d 548 (1966).

5. Plumbers and Steamfitters Union, Local No. 598 v. Dillion, 255 F.2d 820 (9th Cir. 1958).

6. NLRB v. Fainblatt, 306 U.S. 601, 307 U.S. 609, 59 S.Ct. 668, 83 L.Ed. 1014 (1939).

7. NLRB v. Denver Building & Construction Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284 (1951) (over $55,000 worth of raw materials purchased outside state; products shipped out of state); Plumbers & Steamfitters Union,

Local 598 v. Dillion, note 5 supra (subcontractor on Atomic Energy Commission project site; pipe unloaded from interstate railroad car); NLRB v. Reed, 206 F.2d 184 (9th Cir. 1953) (over $50,000 worth of business for public utilities and related establishments). See also, NLRB v. Inglewood Park Cemetery Ass'n, note 4 supra, where materials were purchased directly from out of state; Safeway Stores, Inc. v. FTC, 366 F.2d 795 (9th Cir. 1966), cert. denied, 386 U.S. 932, 87 S.Ct. 954, 17 L.Ed.2d 805 (1967), where direct interstate sales were involved, and Wirtz v. Intravaia, 375 F.2d 62 (9th Cir. 1967), where there was construction work done on highways and airport runways used by interstate transporters.