**GENERAL ELECTRIC COMPANY,**
Appellant,

v.

**LOCAL UNION 191, affiliated with INTERNATIONAL UNION OF ELECTRICAL RADIO AND MACHINE WORKERS (AFL–CIO) et al.,** Appellees.

No. 26258.

United States Court of Appeals
Fifth Circuit.
June 23, 1969.

John E. Branch, Wilson, Branch & Wilcox, James P. Swann, Jr., Atlanta, Ga., J. C. Maddox, Chance, Maddox & Collins, Ronald F. Chance, Calhoun, Ga., for appellant.

Morgan C. Stanford, Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., Robert Friedman, Asst. Gen. Counsel, International Union of Electrical, Radio & Machine Workers, AFL–CIO, New York City, for appellees.

Before BELL and COLEMAN, Circuit Judges, and BOYLE, District Judge.

BOYLE, District Judge:

Appellant, General Electric Company, filed a two-count petition in the Superior Court of Gordon County, Georgia, seeking an injunction restraining appellee, Local Union 191, International Union of Electrical, Radio, and Machine Workers, in the first count, from violating a Georgia law [1] forbidding interference with the conduct of a business "by the use of force, intimidation, violence, or threats thereof," and, in the second count, from engaging in unlawful strike activity and refusal to work overtime in violation of a collective bargaining agreement in effect between appellant and appellee. The Superior Court of Gordon County, Georgia, issued an ex parte order restraining further strikes and work stoppages on the part of defendant-appellee.

Thereafter, the defendant-appellee removed the suit to the United States District Court for the Northern District of Georgia and moved the federal court to dissolve the injunction and dismiss the suit. Plaintiff-appellant then moved to remand and later moved for a preliminary injunction against defendant-appellee.

Below the parties stipulated that the controversy involved was not one subject to arbitration under the collective bargaining agreement and that the applicable grievance procedure had been exhausted. The District Court denied the motion to remand, dismissed that count of the original petition relating to the alleged violation of state law, granted the motion to dissolve the state court injunction, denied the motion of appellant for a preliminary injunction and, finally, retained jurisdiction of that count of the original petition relating to the alleged breach of the collective bargaining agreement for such further orders as may be proper.

Appellant seeks review of only two sections of the District Court's order, namely, the denial of appellant's motion for a preliminary injunction and the

1. Georgia Code § 54–805.

granting of appellee's motion to dissolve the state court injunction. We find no error in the Trial Judge's disposition of these motions and, accordingly, we affirm.

The refusal of the District Court to issue a preliminary injunction is clearly supported by the decision of the United States Supreme Court in Sinclair Refining Company v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962). *Sinclair* holds that the proscription of Section 4 of the Norris-LaGuardia Act,[2] barring federal courts from issuing injunctions "in any case involving or growing out of any labor dispute" was not impliedly repealed by the later enactment of Section 301 of the Taft-Hartley Act[3] which gave federal courts jurisdiction of suits between employers and unions for breach of collective bargaining agreements. Thus, since the petition in this case seeks neither an order to compel arbitration[4] nor a judgment enforcing the decree of an arbitrator,[5] *Sinclair* disposes completely of appellant's first assignment of error.

Appellant also complains of the District Court's dissolution of the state court injunction. While it is not and, indeed, cannot[6] be disputed that the action was properly removed under 28 U.S.C. § 1441 as a case falling within the District Court's "original jurisdiction" and while it is, likewise, not disputed that the District Court has the power to dissolve state court injunctions on removal,[7] appellant, nonetheless, urges that

the dissolution of the injunction was error in view of the fact that the Supreme Court in Avco Corporation v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed. 2d 126 (1968), reh. den. 391 U.S. 929, 88 S.Ct. 1801, 20 L.Ed.2d 670 (1968) did not specifically hold that such state court injunctions should be dissolved on removal.

We are of the view that the District Court did not err in dissolving the injunction, not because either *Sinclair*, supra, or *Avco*, supra, explicitly dictates that result, but because, in our view, once this case was removed, a failure to dissolve the state court injunction would have been tantamount to issuance of that same injunction by the federal district court,[8] which, as we have just noted, would be proscribed by the Norris-LaGuardia Act under the *Sinclair* decision. Thus, we do not reach the question left unanswered in *Avco*, supra, i. e., whether or not the State Court could, itself, properly issue such an injunction or, stated in the terms of *Avco*, whether "the remedies available in State Courts are limited to the remedies available under Federal law." This question is not before us because the case was, in fact, removed and, having been removed as one falling within the District Court's original federal question, rather than diversity, jurisdiction, federal law is applicable.

Affirmed.

2. 47 Stat. 70, 29 U.S.C. § 104, 29 U.S. C.A. § 104.

3. 61 Stat. 156, 29 U.S.C. § 185(a), 29 U.S.C.A. § 185(a).

4. See Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed. 2d 972 (1957).

5. See New Orleans Steamship Ass'n v. General Longshore Workers, 389 F.2d 369 (5th Cir. 1968), cert. den. 393 U.S. 828, 89 S.Ct. 92, 21 L.Ed.2d 99 (1968).

6. Avco Corporation v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126

(1968), reh. den. 391 U.S. 929, 88 S.Ct. 1801, 20 L.Ed.2d 670 (1968).

7. 28 U.S.C. § 1450.

8. The converse of this proposition finds support in Trautwein v. Moreno Mut. Irr. Co., 22 F.2d 374 (9th Cir. 1927) wherein the court stated:

"While, therefore, there is technically no order of the court below either dissolving or modifying the injunction in the state court, we think that the order granting the injunction over objection in the federal court should be deemed an order denying a motion to vacate the order of the state court."