The **BOYS MARKETS, INC.**, Appellee,

v.

**RETAIL CLERK'S UNION, LOCAL 770,**
Appellant.

No. 24004.

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1969.

Certiorari Granted Jan. 12, 1970.
See 90 S.Ct. 572.

---

Kenneth M. Schwartz (argued), Robert M. Dohrmann and Gerald A. W. Haight, of Arnold, Smith & Schwartz, Los Angeles, Cal., for appellant.

William B. Irvin (argued), Joseph M. McLaughlin, Los Angeles, Cal., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and SMITH, District Judge *.

HAMLIN, Circuit Judge.

The Boys Markets, Inc., appellee herein, filed an action in California state court against the Retail Clerk's Union, Local 770, appellant herein, seeking to enjoin a strike being carried on by appellant against appellee and seeking an order for specific performance of an agreement to arbitrate. Appellant and appellee had prior thereto entered into a collective bargaining agreement which provided for arbitration of all disputes involving the interpretation of the agreement and which also contained a promise by appellant not to engage in any strike or work stoppage or any other concerted economic activity. This agreement was in effect at the time the strike was called by the appellant.

The California court issued a temporary injunction restraining the Union from striking. The Union then removed the case to the United States District Court for the Central District of California, and sought to quash the injunction. After a hearing the district court issued its order enjoining the Union from striking and ordered the parties to arbitrate the dispute which had given rise to the strike. The Union appealed to this court from the district court's order. We have jurisdiction under 28 U.S.C. § 1291.

This case involves the interplay of two of the major statutes in the area of labor law, section 4 of the Norris-LaGuardia Act (29 U.S.C. § 104) and section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). Section 301 provides:

"Suits for violation of contracts between an employer and a labor organization * * * may be brought in any district court of the United States." . . .

The landmark *Lincoln Mills* decision, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), held that section 301 was not merely procedural, but rather it gave to the federal courts power to establish a body of substantive federal law. A normal adjunct of federal power, of course, is the equitable remedy of an injunction.

However, section 4 of the Norris-LaGuardia Act deprives the federal courts of jurisdiction to issue injunctions against strikes or work stoppages in most cases growing out of a labor dispute. The strike action taken by the Union in the instant case falls squarely within the proscription of section 4; this much is conceded by the appellee. The appellee's contention, which was upheld by the court below, is that section 4 does not forbid a federal court to issue an injunction where the union strike is in violation of a no-strike clause. Thus, the sole question on this appeal is whether the court below had juris-

---

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

diction to enjoin a strike where that strike is in violation of a no-strike clause.

This question has previously been answered in favor of the Union by the Supreme Court in Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962). *Sinclair* is nearly on all fours with the instant case: the employer there was attempting to enjoin a union strike where the union struck in violation of a no-strike clause. Many of the policy arguments presented by the appellee in this case were addressed to the Court in *Sinclair*. However, the Court held that it was bound by the clear language of section 4 of the Norris-LaGuardia Act, and that a federal court does not have power to enjoin a strike in most cases growing out of a labor dispute, even where that strike is in violation of a no-strike clause. See also A. H. Bull Steamship Co. v. Seafarers' International Union, 250 F.2d 326 (2nd Cir. 1957); General Electric Co. v. Local Union 191, 413 F.2d 964 (5th Cir. 1969).

We see nothing in Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), relied on by appellee, which would permit us not to follow the holding in *Sinclair*. The question decided in *Avco* was whether, after the union has petitioned for removal of an action brought by the employer in state court, the employer can remand the case to state court. The Court held that the employer could not remand the case to state court. The underlying facts of the dispute in *Avco* were very similar to the facts in *Sinclair* and the instant case, but the Court reserved consideration of the *Sinclair* question. This court therefore remains bound by the holding of *Sinclair*.[1]

Appellee's reliance upon International Longshoremen's Ass'n. Local 1291 v. Philadelphia Marine Trade Ass'n., 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236 (1968), and New Orleans Steamship Ass'n. v. General Longshore Workers, 389 F.2d 369 (5th Cir.), cert. denied, 393 U.S. 828, 89 S.Ct. 92, 21 L.Ed.2d 99 (1968), is misplaced. In each of these cases the order of the court was made after an arbitration award had been made. In the *Philadelphia Marine* case, the complaint had alleged that the union had refused "to abide by the terms of the arbitrator's award" and prayed for an order enforcing the arbitrator's award. In that case the Supreme Court set aside the order of the district court enforcing the award as being too vague.

In the *New Orleans Steamship Association* case, an arbitration award had been made and the action was by the Steamship Association seeking an order to enforce the award of the arbitrator. The court of appeals held that the district court had jurisdiction to enforce the award and that it erred in dismissing the complaint.

In the instant case no arbitration award has been made, and the *Sinclair* case is controlling. Accordingly, we reverse the judgment of the district court enjoining appellant's strike and remand the case for further proceedings.

---

1. It is worthy of note that although the Supreme Court in *Sinclair* made it clear that Congress alone could change the result reached by the Court in that case, Congress has not yet seen fit to do so.