MARTIN HAGELAND, INC., a California corporation, et al., Petitioners,

v.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, Respondent,

United Brotherhood of Carpenters and Joiners of America, et al., Real Parties in Interest.

No. 72-1412.

United States Court of Appeals, Ninth Circuit.

May 11, 1972.

A. Patrick Nagel (argued), Stephen C. Drummy (argued), of Nagel, Regan & Davidson, Santa Ana, Cal., for petitioners.

Jack Levine (argued), of Levy & Van Bourg, Albert J. Galisky, of Galisky & Rupard, Leo Geffner, of Geffner & Satzman, George M. Cox, of Cox, Castle, Nicholson & Weekes, Lawrence T. Lydick, pro se, Los Angeles, Cal., for respondent.

Before KOELSCH, WRIGHT and TRASK, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is a petition for writ of mandamus.

The district court denied an injunction against a strike by the United Brotherhood of Carpenters and Joiners. That court held that the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq., deprived it of jurisdiction to issue an injunction.

Petitioners seek a determination that the Act does not bar injunctive relief and an order directing the trial judge to exercise his discretion as to whether an injunction should issue. Because we agree with the court below that Norris-LaGuardia applies, we deny the writ.

Petitioners are framing contractors engaged in the residential construction industry in Southern California. The union represents the carpenters employed by petitioners.

A collective bargaining agreement (Memorandum Agreement) governs the labor relations between petitioners and the union. It provides that, except as specifically excluded, all the provisions of the Master Labor Agreement between the Southern California General Contractors and the United Brotherhood of Carpenters and Joiners shall be in effect between the parties.

The Master Labor Agreement sets forth wages, hours, working conditions, and fringe benefits for carpenters. Included are minimum wage scales. This agreement states:

Each employee employed in accordance with the terms of this Agreement shall receive the minimum hourly wage specified . . . . Any other method of paying employees, such as the use of piece work, bonus systems, quota setting, or lumping of the work, shall be deemed a violation of this Agreement.

Penalty payments to the Health and Welfare Trust Fund may be assessed for violation of this piece work prohibition.

The petitioners concede that they have paid piece work rates in excess of the minimum wage scale mandated by the labor contract. However, they argue that there has been a "course of conduct" modification of the written document and ask for reformation.

The union and the trustees of the Health and Welfare Trust Fund have audited the petitioners, assessed penalty payments allegedly due the fund, and— when the additional amounts were not forthcoming—declared petitioners delinquent.

Petitioners brought suit in the California state courts, seeking to restrain the union from striking to enforce its demands for the extra payments. The union removed to the district court pursuant to 28 U.S.C. § 1441. Federal jurisdiction is predicated upon § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). A motion to remand was denied. As already noted, the district court denied injunctive relief.

The union has struck the petitioners, refusing to supply labor to new construction sites and refusing to augment labor forces at sites where work had already begun.

The Master Labor Agreement contains no-strike and compulsory arbitration provisions. However, the Memorandum Agreement binding the parties before us specifically states:

It is agreed that all provisions in the Master Labor Agreement covering or relating to the subjects of strikes, lockouts, jurisdictional disputes and Procedure of Settlement of Grievances and Disputes shall be excluded from this Memorandum Agreement and shall not

be binding upon the Contractor or the Unions. It is agreed that in all cases of a claimed violation, misunderstanding, dispute or difference regarding the application or interpretation of this Memorandum Agreement or the Master Labor Agreement or the Trust Agreements, or any amendments, modifications, extensions, supplementations and renewals thereto, the Unions shall have the right to call or engage or assist in a strike, shutdown, work stoppage or withdrawal of services and the Contractor shall have the right to engage in a lockout.

The Norris-LaGuardia Act contains severe strictures against the issuance of injunctions in cases involving or growing out of labor disputes. 29 U.S.C. §§ 104, 113(c).

The clear command of this Congressional enactment restricts the jurisdiction of the federal courts.

Great deference has been paid to the Act. Following the decision in Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962), injunctions would not issue even when a strike was in violation of a no-strike clause and an undertaking to submit to compulsory arbitration.

*Sinclair* was overruled by Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed. 2d 199 (1970), which held that an injunction could issue to enforce a no-strike compulsory arbitration obligation. However, *Boys Markets* was a limited holding:

> Our holding in the present case is a narrow one. We do not undermine the vitality of the Norris-LaGuardia Act. We deal only with the situation in which a collective-bargaining contract contains a mandatory grievance adjustment or arbitration procedure. Nor does it follow from what we have said that injunctive relief is appropriate as a matter of course in every case of a strike over an arbitrable grievance. *Boys Markets,* at pp. 253–254, 90 S.Ct. at p. 1594.

As we read *Boys Markets* it leaves the strictures of the Norris-LaGuardia Act undisturbed, absent a contractual obligation on the part of both parties to submit to compulsory arbitration.

■ Two other circuits have considered this issue since the decision in *Boys Markets.* Both have concluded, as we do, that the federal courts have no jurisdiction to issue injunctions in cases involving or growing out of labor disputes, in the absence of a mutually binding obligation to submit to compulsory arbitration. Associated General Contractors of Illinois v. Illinois Conference of Teamsters, 454 F.2d 1324 (7th Cir. 1972); Emery Air Freight Corporation v. Local Union 295, 449 F.2d 586 (2d Cir. 1971) cert. denied 405 U.S. 1066, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972); Standard Food Products v. Brandenburg, 436 F.2d 964 (2d Cir. 1970).

■ In the case before us the parties agreed at the bargaining table that each would reserve the right, respectively, to strike and to lockout. Now they are engaged in a disagreement which is clearly a labor dispute within the broad definition of 29 U.S.C. § 113(c) and to which the contractual reservation of the right to strike applies. Federal courts have no jurisdiction to order the union to forego the remedy it reserved at the bargaining table.

The district court having correctly determined its jurisdiction and having properly confined itself within that jurisdiction, the writ is denied.