**L. A. CONCRETE PUMPING, INC., a California corporation, Plaintiff-Appellant,**

v.

**Leo A. MAJICH et al., etc., Defendants-Respondents.**

**No. 73-2189.**

United States Court of Appeals, Ninth Circuit.

July 12, 1973.

Dissenting Opinion Aug. 14, 1973.

---

Stuart H. Young, Jr., Hill, Farrer & Burrill, Los Angeles, Cal., for plaintiff-appellant.

Wayne Jett, Los Angeles, Cal., for defendants-respondents.

Before HASTIE, CHAMBERS and WALLACE, Circuit Judges.

PER CURIAM:

This court declines to suspend the order of the district court dissolving the state court injunction which had been issued before removal.

Most or all of the acts restrained by the state court have already been accomplished. In order to provide effective relief now, some mandatory affirmative commands would have to be decreed. This, in our opinion, would put us in direct conflict with 29 U.S.C. § 104. We, to some extent, accept prior state action as valid in a case after removal to a federal court, but at least when we must re-cut the whole cloth we believe we are precluded by federal statutes from doing so in this case.

If either party desires to expedite the appeal, he may move to do so, proposing a schedule of necessary steps.

WALLACE, Circuit Judge (dissenting):

I respectfully dissent.

Whether a stay pending appeal will be ultimately helpful to the appellant is not the question before us. Nor is the question whether we must do anything else to make a stay effective. To me, the issue is whether a stay should be granted. The parties are free to make additional applications to the district court. Whether the district court, if it felt it had the authority, would require the notices to be recalled is not before us.

Appellee intimates that the Norris-LaGuardia Act would bar our ability to stay the district court's dissolution of the state court's injunction. I do not believe that Congress, in passing the Norris-LaGuardia Act, had any intention of frustrating this traditional power of the courts. In Chicago & N. W. Ry. Co. v. United Transp. Union, 422 F. 2d 979, 983–985 (7th Cir. 1970), the Seventh Circuit held that the Act did not prohibit a district court from granting an injunction pending appeal. I believe the analogy to our ability to stay district court proceedings is appropriate. Although the case was reversed and remanded on other grounds, 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971), the circuit court reaffirmed its reasoning upon remand. 471 F.2d 366 (7th Cir. 1972), cert. denied, 410 U.S. 917, 93 S.Ct. 965, 35 L.Ed.2d 279 (1973).

As to whether appellant has a reasonable opportunity to prevail on appeal, I feel, without attempting to predict, that appellant has a definite arguable ground. 29 U.S.C. §§ 101, 104 only forbid a court to "issue" preliminary relief. Here the district court was not asked to issue preliminary relief but merely to do nothing about a state preliminary injunction. Instead, the judge dissolved it. Whether state court injunctions should be dissolved upon removal has never been decided by the Supreme Court. See Avco Corp. v. Aero Lodge 735, 390 U.S. 557, 561 n. 4, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

Both sides claim assistance from Boys Market, Inc. v. Retail Clerks Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). Certainly, the case recognizes there is an appropriate area of jurisdiction for state courts. "[T]here has never been a serious contention that Congress intended that the removal mechanism be utilized to foreclose completely remedies otherwise available in the state courts." Id. 398 U.S. at 246, 90 S.Ct. at 1590.

I believe the Court has indicated a due concern that the state courts not be put out of the business of labor disputes. Although Boys Market was definitely limited to its facts, 398 U.S. at 253, 90 S.Ct. 1583, 20 L.Ed.2d 126, there is a serious question as to whether a case such as the present one should also produce a further narrowing of the Norris-La-Guardia prohibitions. This company in its efforts to obtain judicial relief is just as thwarted by removal if the resulting effect is the dissolution of the properly-granted state court injunction.

Both parties have argued the applicability of General Electric Co. v. Local 191, Electrical Workers, 413 F.2d 964 (5th Cir. 1969). In that case, the district court dissolved the injunction that had been granted in state court prior to removal. The Fifth Circuit affirmed holding that a failure to dissolve would be tantamount to issuing an injunction in violation of Norris-LaGuardia. It should be noted that the parties in the case stipulated that there was no applicable arbitration procedure and that the grievance mechanisms had been exhausted. Id. 413 F.2d at 965. The Supreme Court vacated the judgment in a per curiam decision, remanding it for consideration in light of Boys Market. 398 U.S. 436, 90 S.Ct. 1583, 20 L.Ed.2d 126 (1970). The Fifth Circuit ultimately disposed of the remanded case as moot since the strike was then over. 443 F.2d 608 (5th Cir. 1971). The appellant argues that the case indicates that Boys Market should not be limited to cases where an arbitration clause is available and I agree.

The district court's reliance on Hiatt v. Schlecht, 400 F.2d 875 (9th Cir. 1968), is misplaced. The term "labor dispute" is not mentioned in the case. It was concerned solely with interstate commerce aspects of jurisdiction under 29 U.S.C. § 185(a).

The appellee's reliance upon Martin Hageland, Inc. v. District Court, 460 F.2d 789 (9th Cir. 1972), as dispositive is similarly misplaced. Although Hageland involved a similar welfare fund, it differs from the present case in important respects: the removal took place before an injunction had issued; the company sought an injunction against the union itself; and the company conceded its violations and the issuance of a valid delinquency notice.

A case close to the instant facts is Blankenship v. Boyle, 329 F.Supp. 1089, 1101 n. 6 (D.D.C.1971), which holds that the trustees' management policies for a similar welfare fund did not present a "labor dispute" within the meaning of the Act. I believe that the present contractual interpretation questions are also not within the meaning of that phrase.

I note that in its reply brief the appellant attempts to bring itself within the specific facts of Boys Market by contending that arbitration procedures are available in a dispute of this nature. If that is correct, then the appropriate procedure for the district court would have been to enjoin the issuance of the

delinquency notice and to order arbitration. Evaluation of this argument requires a logical reading of clauses I.B. 13 and 14 of the agreement. The argument may well have merit particularly because clause 14(a) states that the grievance procedures of Article V do not apply to a dispute "between the parties concerning the payment or nonpayment of monies due the Trust Funds. . . ." The argument asserts that the parties are only the union and the employers' association. Since the suit involves the employer and the trustees of the Trust Funds, the grievance procedures may then be available.

Therefore, I believe the motion for a stay should be granted.