SULLY EQUIPMENT RENTALS, INC., a California corporation, Plaintiff,

v.

DOES 1 THROUGH 100 AS TRUSTEES OF the OPERATING ENGINEERS HEALTH AND WELFARE FUND, Operating Engineers Vacation-Holiday Savings Trust, Operating Engineers Training Trust, and Leo M. Majich as Fund Manager of the Operating Engineers Trust Fund, Defendants.

OPERATING ENGINEERS PENSION TRUST, Operating Engineers Health and Welfare Fund, Operating Engineers Vacation-Holiday Savings Trust and Operating Engineers Training Trust, Counterclaimants,

v.

SULLY EQUIPMENT RENTALS, INC., a California corporation, Counterdefendants.

No. CV 82–3315–RJK (Px).

United States District Court, C.D. California.

Dec. 21, 1982.

David Warren & Associates, Edward L. Laird, II, Irvine, Cal., for plaintiff.

Jett, Clifford & Laquer, Brian Ray Hodge, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

KELLEHER, District Judge.

The above entitled cause came on regularly for hearing on defendants' and counterclaimants' Operating Engineers Pension Trust, et al., motion for summary judgment. The Court having considered the arguments, both written and oral, submitted by the parties now finds the following facts are not in dispute:

Plaintiff Sully Equipment Rentals initiated this action in California Superior Court on May 3, 1982. The action was removed to federal court on July 6, 1982. Jurisdiction is founded upon Section 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a), and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C.A. § 1132(a)(3). Plaintiff's complaint alleges breach of a collective bargaining agreement, interference with prospective economic advantage and disparagement. Plaintiff seeks injunctive relief as well as general and punitive damages. Defendants counterclaimed for unpaid contributions to the Trust funds.

Defendants and counterclaimants are the Operating Engineers Pension Trust, Operating Engineers Health and Welfare Fund, Operating Engineers Vacation-Holiday Savings Trust and Operating Engineers Training Trust (hereinafter "Trusts"). The Trusts are express trusts established pursuant to written collective bargaining agreements between the International Union of Operating Engineers, Local Union No. 12 and various employer associations in the construction industry in Southern California. The Trusts were created and now exist pursuant to Section 302(c) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186.

Plaintiff and counterdefendant Sully Equipment Rentals, Inc. (hereinafter "Sully") is a corporation organized and existing by virtue of the laws of the State of California, and an employer engaged in interstate commerce within the meaning of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[1]

On February 1, 1980 Sully entered into a written collective bargaining agreement (hereinafter "Agreement") with Local Union No. 12. On February 1, 1980 Sully executed written acknowledgments and acceptances of the agreements and declarations of trust establishing the four defendant Trusts (hereinafter "trust agreements"). By the terms of the Agreement, Sully became bound to the terms and conditions of the written Master Labor Agreement (hereinafter "Master Agreement") between Local Union No. 12 and the Southern California General Contractors Associations.

---

1. All but one share of the stock of Sully Equipment Rental, Inc. is owned in common by Mr. and Mrs. George Sullivan. The remaining one share is owned by their son Michael Sullivan. Laird's Declaration.

At all material times herein Sully has been bound to the Agreement, the Master Agreement and the trust agreements. Declaration of Leo A. Majich, Administrator of the Southern California Operating Engineers Benefit Administration.

The Agreement, Master Agreement, and trust agreements require employers such as Sully to pay to the Trusts fringe benefit contributions at rates fixed by the Master Agreement for all hours worked by or paid to each employee who performs work covered by the Master Agreement.

On July 26, 1972 the Labor Management Adjustment Board, established under Article V of the Master Agreement, interpreted the Master Agreement to provide as follows:

> "Resolved, when an employee has been dispatched by the Union to a contractor and the employee performs any work whatsoever covered by the Agreement, the Contractor shall be obligated to pay fringe benefit contributions to the Trusts at the required rate for cash and every hour worked by the employee or paid for by the Contractor. Further, that in the event the payroll records of the Contractor show that such an employee is paid by salary or any method other than hourly wages, then the employee shall be presumed to have worked for a minimum of forty (40) hours during each week of such employment and payment, and fringe benefit contributions shall be paid for all such hours."

Declaration of Leo A. Majich.

From February 1, 1980 through at least October 31, 1982 George Sullivan was employed by Sully Equipment Rentals, Inc. Sullivan is the President and Chief Executive Officer of Sully. Declaration of Edward L. Laird, II. During the period in question Sullivan performed executive functions which are not covered by the Master Agreement. In addition, Sullivan spent at least a portion of his time during the relevant period performing work which is covered by the Master Agreement. Declaration of Leo A. Majich, Exhibit C. Sullivan was paid for his services in a method other than an hourly wage. Plaintiff's Answers to Defendants' Requests for Admission, Number 1.

Sully Equipment Rentals paid contributions to the Trusts for those hours during which Sullivan was engaged in "covered" employment; for those hours when Sullivan was engaged in "noncovered" employment (i.e., those hours when Sullivan was performing executive services) no contributions were made. Majich Declaration, Exhibit C.

Upon the foregoing undisputed facts and as a matter of law, the Court concludes as follows:

*The Counterclaim: Counterclaimants are Entitled to Summary Judgment as Against Counterdefendants*

■ Under the terms of the subject trust agreement, employees are defined as "any employee of an individual employer who performs *one or more hours of work* covered by any of the Collective Bargaining Agreements." Pension Trust, Art. I, Section 3; Journeyman and Apprentice Training Trust, Art. I, Section 6; Health and Welfare Trust, Art. III, Section 4; Vacation-Holiday Savings Trust, Art. I, Section 12. (emphasis added). Because it is undisputed that during the relevant time period George Sullivan performed one or more hours of work covered by the Agreement, George Sullivan is an "employee" within the meaning of the trust agreements. Plaintiff's argument that because Sullivan and his wife are the majority shareholders of Sully, and because Sullivan is an executive of the corporation, Sully is not obligated to make fringe benefit contributions to the trust funds based on Sullivan's employment is without merit. Plaintiff cites to no provision in the Master Agreement or trust agreements which suggests that for purposes of fringe benefit contributions shareholder employees are to be treated differently than non-shareholder employees. Furthermore, it is well settled in this Circuit that employers subject to the Master Agreement at issue herein are obligated to pay contributions to the Trusts on the basis of a presumed forty hour work week of executives who spend a portion of their

time performing work covered by the Agreement. *Waggoner v. C & D Pipeline Co.*, 601 F.2d 456 (9th Cir.1979); *Waggoner v. Wm. Tadkovich Co.*, 620 F.2d 206 (9th Cir.1980); *Waggoner v. Dallaire*, 649 F.2d 1362 (9th Cir.1981). Sullivan is a salaried employee for whom contributions are owing for the relevant period on the basis of a presumed forty hour work week.

Further, the fringe benefit contributions at issue herein are not prohibited by Section 302(c)(5) of the National Labor Relations Act, 29 U.S.C. § 186. *Burke v. French Equipment Rental*, 498 F.Supp. 94 (C.D.Ca. 1980); *rev'd on other grounds, Burke v. French Equipment Rental*, 687 F.2d 307 (9th Cir.1982).

Counterclaimants are therefore entitled to the claimed fringe benefit contributions as a matter of law. Specifically, counterclaimants are entitled to the following amounts:

| | | |
|---|---|---|
| $20,844.79 | — | contributions for hours worked by Sullivan |
| 90.00 | — | audit costs |
| 4,015.69 | — | interest |
| 4,015.60 | — | liquidated damages |
| 8,662.50 | — | attorneys' fees |

*First Amended Complaint: Defendants are Entitled to Summary Judgment as Against Plaintiff*

 The Court further concludes that plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted. The present controversy over unpaid fringe benefit contributions is a labor dispute. *L.A. Concrete Pumping v. Majich*, 483 F.2d 524 (9th Cir.1972); *Martin Hageland v. U.S. District Court*, 460 F.2d 789 (9th Cir.1972). Under 29 U.S.C. § 104 this Court lacks jurisdiction to issue the injunctive relief sought by plaintiff in the first count of its complaint. Further, the second and third counts fail to state a claim: The trustee publication of plaintiff's name on a delinquency list was lawful. Labor Management Relations Act, 29 U.S.C. § 141 et seq.; *Griffith Co. v. NLRB*, 660 F.2d 406 (9th Cir.1980), *cert. denied,* —— U.S. ——, 102 S.Ct. 2903, 73 L.Ed.2d 1313 (1982).

Even if state law is applicable, plaintiff has failed to state a claim: Under California Code of Civ.Pro. § 527.3, the trustees acted lawfully in publicizing the labor dispute; in any event plaintiff has failed to state a claim for interference with prospective economic advantage insofar it has failed to allege that the union used violence. *McKay v. Retail Automobile Salesman's Local 1067*, 16 Cal.2d 311, 319, 106 P.2d 373 (1940). Finally, plaintiff has failed to state a claim for disparagement. In order to state a claim for defamation in the course of a labor dispute, the plaintiff must allege that the statements were made with knowledge of their falsity or reckless disregard as to their truth or falsity. *Linn v. United Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). Plaintiff has not alleged the requisite malice.

However, defendants have not moved for dismissal pursuant to F.R.Civ.P. 12, but have instead moved for summary judgment pursuant to F.R.Civ.P. 56. The Court concludes that defendants are entitled to summary judgment as against plaintiff on all counts of plaintiff's complaint. Count one alleges breach of contract: plaintiff alleges defendants breached the Master Agreement by publishing plaintiff's delinquency when plaintiff in fact was not delinquent since plaintiff was not obligated to make the contributions in question. However, on the basis of the undisputed facts and as a matter of law, this Court has concluded that plaintiff is obligated to make the contributions and is in fact delinquent. Accordingly, under the terms of the Master Agreement and as a matter of law, defendants did not breach their contractual obligations to plaintiff when defendants published plaintiff's delinquency. Count two of plaintiff's complaint alleges a tort of interference with prospective economic advantage: plaintiff alleges defendants breached a duty to plaintiff by publishing plaintiff's delinquency when plaintiff was not in fact delinquent. Again, this Court has concluded that as a matter of law plaintiff is in fact delinquent. Accordingly, as a matter of law defendants did not breach an obligation

to plaintiff by publishing the delinquency. Count three of plaintiff's complaint alleges disparagement: plaintiff alleges defendants disparaged plaintiff by publishing the delinquency. However, the Supreme Court has ruled that truth is a defense to an action for defamation in a labor dispute. *Letter Carriers v. Austin,* 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974). As plaintiff is in fact delinquent in its contributions to the trust, as a matter of law defendants have not disparaged plaintiff by publishing the fact of plaintiff's delinquency.

Accordingly, on the First Amended Complaint for breach of contract, interference with prospective economic advantage, and disparagement, summary judgment shall be entered in favor of defendants Trustees of the Operating Engineers Pension Funds, et al. and against plaintiff Sully Equipment Rentals, Inc., and plaintiff shall take nothing Further, on the Counterclaim, summary judgment shall be entered in favor of counterclaimants Operating Engineers Pension Trust, et al. and against counterdefendant Sully Equipment Rentals, Inc.