## McLEOD, REGIONAL DIRECTOR, NATIONAL LABOR RELATIONS BOARD v. GENERAL ELECTRIC CO. ET AL.

No. 645.   Decided January 16, 1967.*

*Solicitor General Marshall, Richard A. Posner, Arnold Ordman, Dominick L. Manoli* and *Norton J. Come* for petitioner in No. 645.

*Irving Abramson* and *Ruth Weyand* for petitioner in No. 774 and for respondent International Union of Electrical, Radio & Machine Workers, AFL–CIO, in No. 645.

*David L. Benetar* for respondent General Electric Co. in both cases.

---

*Together with No. 774, *International Union of Electrical, Radio & Machine Workers, AFL–CIO* v. *General Electric Co. et al.,* also on petition for writ of certiorari to the same court.

Per Curiam.

The petitions for certiorari are granted. The judgment of the Court of Appeals for the Second Circuit is set aside with direction to that court to enter a new judgment consistent with this opinion.

The Regional Director of the Second Region of the National Labor Relations Board issued a complaint and notice of hearing upon a charge filed by the International Union of Electrical, Radio & Machine Workers, AFL–CIO (IUE). The charge alleged that General Electric Company violated §§ 8 (a)(1) and (5) of the National Labor Relations Act, as amended, 61 Stat. 140, 29 U. S. C. §§ 158 (a)(1) and (5), in refusing to bargain upon the renewal of an expiring collective bargaining agreement because of "the inclusion among the persons designated by the Union to represent it . . . of persons who also represented other labor organizations which engaged in collective bargaining with" the company. Pursuant to § 10 (j) of the Act the Regional Director also obtained a temporary injunction in the District Court for the Southern District of New York restraining the company from "[f]ailing or refusing to meet, confer and bargain collectively in good faith with . . . [IUE], by declining to meet with the selected representatives of . . . [IUE] because of the presence of any representatives of other unions whom IUE and its constituent locals have invited to attend for the purpose of participating in the discussion and advising or consulting with IUE and its constituent locals." The Court of Appeals for the Second Circuit reversed. 366 F. 2d 847. Mr. Justice Harlan stayed the Court of Appeals' judgment pending action on the petition for writ of certiorari filed in No. 645.

The District Court and the Court of Appeals differed regarding the proper standard which should be determinative of the right to injunctive relief under § 10 (j).

The District Court applied a dual test: (1) whether "the impact upon the public interest is grave enough to justify swifter corrective action than the normal process of Board adjudication and court enforcement," 257 F. Supp. 690, 708, and (2) "whether the Board has 'reasonable cause to believe' that the accused party has been guilty of unfair labor practices." 257 F. Supp., at 709. The Court of Appeals on the other hand considered the proper standard to be whether the Board had "demonstrated that an injunction is necessary to preserve the status quo or to prevent any irreparable harm." 366 F. 2d, at 850.

We do not think it appropriate however to decide at this time the proper construction of § 10 (j). For on October 14, 1966, after the decision of the Court of Appeals, the company and IUE agreed upon a three-year collective bargaining agreement to replace the expired contract. We think that the District Court should determine in the first instance the effect of this supervening event upon the appropriateness of injunctive relief. The controversy over the proper standard for injunctive relief is immaterial if such relief is now improper whichever standard is applied. We therefore dissolve the stay granted by MR. JUSTICE HARLAN and set aside the judgment of the Court of Appeals with direction to enter a new judgment setting aside the order of the District Court and remanding to that court for such further proceedings as may be appropriate in light of the supervening event. See *Calhoun* v. *Latimer,* 377 U. S. 263; *Scranton* v. *Drew,* 379 U. S. 40.

*It is so ordered.*