**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**HECK'S, INC., Respondent.**

**No. 11671.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1967.

Decided Jan. 4, 1968.

Bernard M. Dworski, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott Moore, Atty., N.L.R.B., on brief), for petitioner.

Frederick F. Holroyd, Charleston, W. Va., for respondent.

Before BOREMAN and BUTZNER, Circuit Judges, and WOODROW W. JONES, District Judge.

PER CURIAM:

The National Labor Relations Board moved pursuant to § 10(e) of the Labor Act [29 U.S.C. § 160(e)] for enforcement *pendente lite* of the Board's orders directing Heck's, Incorporated, to bargain in good faith, to cease and desist from continuing to commit unfair labor practices, to post appropriate notices, and to reinstate an employee.[1]

To obtain temporary relief under § 10(e), the Board must establish reasonable cause to believe the act has been violated, and it must appear from the circumstances of the case that the remedial purposes of the act will be frustrated unless relief *pendente lite* is granted. NLRB v. Aerovox Corp., 389 F.2d 475 (4th Cir., Dec. 20, 1967). We conclude that the Board has not met this standard and deny its motion.

The charge that the company violated § 8(a) (5) and (1) of the act [29 U.S. C. § 158(a) (5) and (1)] by its refusal to recognize and bargain in good faith raises in part the same issues that were decided adversely to the Board in NLRB v. Heck's Inc., 386 F.2d 317 (4th Cir., Oct. 12, 1967).

1. The Board's orders are found in Heck's, Inc., 166 NLRB 38 (June 30, 1967), and Heck's, Inc., 166 NLRB 32 (June 28,   1967). During oral argument, the Board withdrew its motion for *pendente lite* reinstatement of the employee.

The § 8(a) (1) charges involve interrogation of employees with regard to their union sympathy, threatened reprisals, and interference with employees in 1964 and 1965 in connection with the same organization campaign that led to the § 8(a) (5) and (1) charges. While the charges are not inseparable, they are closely connected and we believe that both issues should be considered together when this case is heard on its merits.

█ In denying the motion, we, of course, do not intimate an opinion on the merits. We simply hold that the Board has not shown the necessity for *pendente lite* relief.