**FIRESTONE SYNTHETIC RUBBER & LATEX COMPANY, DIVISION OF the FIRESTONE TIRE AND RUBBER COMPANY, Appellant,**

v.

**Clifford W. POTTER, Regional Director of Region Twenty-three of the National Labor Relations Board, Appellee.**

No. 25577.

United States Court of Appeals Fifth Circuit.

Sept. 30, 1968.

George W. Brown, Jr., Beaumont, Tex., W. D. Deakins, Jr., Houston, Tex., for appellant; Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel.

Dominick L. Manoli, Associate Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel, Marvin Roth, Atty., Arnold Ordman, Gen. Counsel, Washington, D. C., for appellee.

Chris Dixie, Houston, Tex., for intervenor.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

PER CURIAM:

Pursuant to Section 10(j) of the National Labor Relations Act, 29 U.S.C. Sec. 160(j), the district court granted a temporary injunction ordering Firestone to resume collective bargaining with the Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local No. 4-23. On appeal to this court, Firestone's primary contention is that the trial court erred in granting the injunction in that the evidence did not demonstrate that injunctive relief was necessary to prevent the frustration of the remedial purposes of the Act. See NLRB v. Heck's Inc., 4th Cir. 1968, 390 F.2d 655; NLRB v. Aerovox, 4th

Cir. 1967, 389 F.2d 475; Minnesota Mining & Mfg. Co. v. Meter, 8th Cir. 1967, 385 F.2d 265; Angle v. Sacks, 10th Cir. 1967, 382 F.2d 655.

At the conclusion of oral argument before this court, the parties stipulated that subsequent to the issuance of the injunction and the taking of this appeal the strike was settled and a collective bargaining contract covering wages, hours, and other conditions of employment was negotiated and executed pursuant to the trial court's injunctive order.

In our judgment the trial court should reconsider the necessity and appropriateness of injunctive relief in the light of these changed conditions. See McLeod v. General Electric Co. (1967), 385 U.S. 533, 87 S.Ct. 637, 17 L.Ed.2d 588. To permit such reconsideration this cause is remanded to the district court.

Remanded.

Godbold, Circuit Judge, dissented.