433 F.2d 541
 74 L.R.R.M. (BNA) 2109, 139 U.S.App.D.C. 383
 FOOD STORE EMPLOYEES UNION, LOCAL NO. 347, AMALGAMATED MEAT
CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA,
AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
HECK'S INCORPORATED, Respondent, Food Store Employees,
Union, Local 347, etc., Intervenor.
 Nos. 22318, 22414.
 United States Court of Appeals, District of Columbia Circuit.
 Argued Dec. 15, 1969.
Decided May 4, 1970.
 
 Miss Judith A. Lonnquist, Chicago, Ill., with whom Messrs. Mozart G. Ratner and Albert Gore, Chicago, Ill., were on the brief, for petitioner in No. 22,318 and intervenor in No. 22,414.
 Mr. Baruch A. Fellner, Atty., National Labor Relations Board, for petitioner in No. 22,414 and respondent in No. 22,318. Messrs. Arnold Ordman, Gen. Counsel, National Labor Relations Board, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, were on the brief, for petitioner in No. 22,414 and respondent in No. 22,318.
 Mr. Frederick F. Holroyd, Charleston, W. Va., for respondent in No. 22,414.
 Before BAZELON, Chief Judge, McGOWAN and LEVENTHAL, Circuit judges.
 PER CURIAM:
 
 
 1
 This case arises on petitions to review and to enforce an order of the National Labor Relations Board against Heck's Inc., relating to its store at Clarksburg, West Virginia. The Board found (1) that Heck's had violated 8(a) (1) of the National Labor Relations Act (29 U.S.C. 158(a)(1)) by unlawfully questioning and threatening its employees concerning the Food Store Employees Union ('the Union') and by polling its employees by nonsecret ballot to determine their support for the Union; (2) that Heck's had violated 8(a)(1) and 8(a)(5) of the Act (29 U.S.C. 158(a)(1), 158(a)(5)) by refusing to bargain with the Union despite the existence of valid cards showing a majority of the store's employees as favoring the Union; and (3) that the appropriate remedy for Heck's refusal to bargain was an order to bargain.[1] The Board's decision and order are reported at 172 NLRB 255.
 
 
 2
 Heck's contends that the evidence was insufficient to support the Board's findings and that the order to bargain was inappropriate. The Union urges that the relief provided by the Board was insufficient to overcome the harm inflicted.
 
 
 3
 It is not necessary to review the evidence in detail in this opinion. The decision of the Board (including that of the Examiner) has already done so, and we find that the evidence there recited is supported by the record and more than meets the substantial evidence test for upholding Board findings.[2] Similarly, the Board's remedy falls well within the scope of its expertise and discretion as far as it goes.[3]
 
 
 4
 The Board found bad faith on the part of Heck's in refusing to bargain with the Union, basing that conclusion in part on 'flagrant repetition of conduct previously found unlawful' at other Heck's stores.[4] Since 1964 Heck's has been the object of nine unfair labor practice proceedings[5] which show, in the Board's words, 'a labor policy in all of its stores that is opposed to the policies of the Act.' The Board's findings of bad faith and flagrant misconduct lead us to remand this case to the Board for reconsideration, in light of our recent decision in Tiidee Products,[6] of the Union's request for further relief.[7]
 
 
 5
 The Board's application for enforcement of the order is granted. On the Union's petition for review, the case is remanded for proceedings consistent with this opinion.
 
 
 6
 So ordered.
 
 
 
 [1]
 The Board's order contains a few other items, most important of which are those dealing with protection of Heck's employees from interrogation and denial of section 7 rights. These remedies are clearly appropriate
 
 
 [2]
 General Teamsters and Allied Workers Local No. 992 v. N.L.R.B. (Pennsylvania Glass Sand Corp.), 138 U.S.App.D.C. 312, 427 F.2d 582 (1970); Oil, Chemical and Atomic Workers Local 4-243, A.F.L.-C.I.O. v. N.L.R.B. (Allied Chemical Corp.), 124 U.S.App.D.C. 113, 116, 362 F.2d 943, 946 (1966)
 
 
 [3]
 The Board's opinion in this case made findings which meet the requirements subsequently set forth in N.L.R.B. v. Gissel Packing Co., Inc., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) (requiring a finding of more than simple bad faith in order to justify a Board order requiring an employer to bargain without an election). Over and above the finding of bad faith the Board found:
 In any event the Respondent's extensive Section 8(a)(1) violations, on which it embarked at about the time the Union attained its majority status and which made a free and fair election impossible, justify an order requiring the Respondent to bargain with the Union upon request as an appropriate remedy for the Respondent's 8(a)(1) violations. The italicized finding is similar to findings held by the Supreme Court to warrant enforcement of a bargaining order in the Sinclair portion of the Gissel case. 395 U.S. at 615, 89 S.Ct. 1918.
 In Food Store Employees Union v. N.L.R.B. (Heck's St. Alban's), 135 U.S.App.D.C. 341, 418 F.2d 1177 (1969), involving the same parties, this court remanded the case for reconsideration by the Board. At one point the Examiner in that case, rejecting the employer's contention that authorization cards were too unreliable as proof of majority status to permit a finding that the Union was the employee's designated bargaining representative, said:
 It is also a familiar rule of law that when the party calling for the best evidence of a fact has itself made the production of such evidence impossible, it cannot complain that proof of that fact is made by secondary, but probative, evidence. Here Respondent by its own actions made impossible the ascertainment of its employees' desires as to representation in the atmosphere of a free and fair election, and thus may not be heard to complain if that fact is ascertained through other probative evidence.
 This court acknowledged that it was possible that the requisite findings were 'implicit' in the Board's decision (135 U.S.App.D.C. at 348, 418 F.2d at 1184). However, the language quoted above was the only reference by the Board to the impossibility of free elections, and it appeared in the midst of a 21-page discussion of the case by the Trial Examiner, adopted, by reference, in the Board's opinion. It appeared as an additional evidentiary-type reason why majority status could be predicated on cards (then an undecided legal issue). There was no clearcut finding of impossibility as a finding of ultimate fact with the intention that the finding be the predicate and justification for a bargaining order.
 In the case at bar the Board explicitly found that the employer's violations of section 8(a)(1) has made free and fair elections impossible as one of the ultimate findings justifying the issuance of a bargaining order. That is all that Gissel-Sinclair contemplates, and there is accordingly no reason for our remand on other grounds to postpone the date on which the order becomes enforceable by contempt actions.
 
 
 [4]
 Although the conduct referred to took place at other stores, the president and vice president of the company were involved in each of the disputes mentioned
 
 
 [5]
 See 150 NLRB 1565 (1965), enforced per curiam, 369 F.2d 370 (6th Cir. 1966); 156 NLRB 760 (1966), enforced as modified, 386 F.2d 317 (4th Cir. 1967); 158 NLRB 121 (1966) and 159 NLRB 1331 (1966), consent decree entered (4th Cir., No. 11,390 June 13, 1967); 166 NLRB 186 and 166 NLRB 674 (1967), enforced as modified, 390 F.2d 655 (4th Cir. 1968), cert. granted, 393 U.S. 997, 89 S.Ct. 482, 21 L.Ed.2d 462 (1968), 170 NLRB No. 53 (1968), enforced in part, remanded in part in light of NLRB v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), 135 U.S.App.D.C. 341, 418 F.2d 1177 (1969); 171 NLRB No. 112, Nos. 22,183, 22,284 remanded by order, August 11, 1969
 
 
 [6]
 International Union of Electrical Radio and Machine Workers v. NLRB (Tiidee Products, Inc.), 138 U.S.App.D.C. 249, 426 F.2d 1243, cert. denied, Tidee Products, Inc. v. International Union of Electrical Radio and Machine Workers, A.F.L.-C.I.O. 400 U.S. 950, 91 S.Ct. 239, 27 L.Ed.2d 256 (1970). The Board's order in the case before us was entered before our decision in Tiidee Products, Inc
 
 
 [7]
 The Union requested a broad range of further relief: the mailing of notices to employees (the Board's order called only for posting notices); a company-wide bargaining order; shifting of the burden of proof in future cases to require Heck's to show good faith in rejecting Union cards; injunctions under section 10(j) of the Act; greater Union access to employees; make-whole compensation for lost collective bargaining benefits; and Union expenses expended to overcome the effects of the Company's unlawful refusal to bargain