**GENERAL ELECTRIC COMPANY, Appellant,**

v.

**LOCAL UNION 191, affiliated with International Union of Electrical, Radio, and Machine Workers (AFL–CIO), et al., Appellees.**

No. 26258.

United States Court of Appeals, Fifth Circuit.

May 18, 1971.

John E. Branch, Wilson, Branch & Wilcox, James P. Swann, Jr., Donald G. Mayhall, Atlanta, Ga., J. C. Maddox, Chance, Maddox & Collins, Ronald F. Chance, Calhoun, Ga., Branch & Swann,

A. McArthur Irvin, Atlanta, Ga., for appellant.

Morgan C. Stanford, Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., Ruth Weyand, Irving Abramson, Washington, D. C., Robert Friedman, New York City, J. R. Goldthwaite, Atlanta, Ga., for appellees.

Before RIVES, GOLDBERG, and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

This section 301[1] case is before us on remand from the Supreme Court of the United States, 398 U.S. 436, 90 S. Ct. 1883, 26 L.Ed.2d 384, which on June 15, 1970, granted certiorari and vacated the judgment of this court entered on June 23, 1969.

General Electric Company, appellant herein, filed a complaint in the Superior Court of Gordon County, Georgia, seeking under Georgia law to restrain Local 191, International Union of Electrical, Radio, and Machine Workers, AFL–CIO, from striking in breach of the terms of a collective bargaining agreement between the parties. Following the issuance of a temporary restraining order by the state court, the Union petitioned for removal to the United States District Court for the Northern District of Georgia. The District Court, after an evidentiary hearing, denied the Company's motion for a preliminary injunction and dissolved the state court injunction. We affirmed. General Electric Co. v. Local 191, I.U.E., 5 Cir. 1969, 413 F.2d 964. The Company then petitioned for a writ of certiorari, and, in a per curiam decision, General Electric Co. v. Local 191, I.U.E., 1970, 398 U.S. 436, 90 S.Ct. 1883, 26 L.Ed.2d 384, the Supreme Court remanded the case to this court for further consideration in light of Boys Market, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199, which decision overruled Sinclair Refining Co. v. Atkinson, 1962, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440, and held

1. 29 U.S.C.A. § 185(a).

that in certain circumstances a federal district court may enjoin a strike in breach of a contractual no-strike clause.

The facts around which the present case revolves have been fully developed in a companion case decided by us today, General Electric Co. v. NLRB, 5 Cir. 1971, 443 F.2d 602 [No. 29881]. Briefly, the dispute which is the subject of litigation in both the companion case and the instant case arose out of wage grievances asserted by the Union at General Electric's Rome, Georgia, plant. The Union sought a four-step wage increase for approximately 87% of the plant's employees, and, after exhausting the applicable grievance machinery, engaged in intermittent strikes in support of its demands. In Number 29881 General Electric charged that the Union's strike activity in support of the wage grievances was an attempt to modify an existing collective bargaining agreement in violation of sections 8(b)' (3) and 8(d), 29 U.S.C.A. §§ 158(b) (3), (d). The present case, wherein General Electric contends that the strike activity was proscribed by the existing contract and enjoinable under *Boys Market*, represents the judicial analogue to the administrative unfair labor practice case.

In Number 29881 we have held that the National Labor Relations Board was correct in determining that the prosecution of the wage grievances by the Union was not an attempt to modify · an existing collective bargaining agreement but was instead a contractually-sanctioned attempt to bargain over local wage issues. General Electric has in the present case recharacterized its complaint by arguing that the strike activity violated a contractual no-strike clause. However, we decline this invitation to consider in another light the activities at the Rome plant, for we think that the present controversy is moot.

■■ It is undisputed that the Union ceased all strike activity in support of the employee wage grievances by October, 1968, and there is no expectation of further strike action on this matter. Since the cessation of the strike activity, the wage rates of the affected employees have been increased, and a new national collective bargaining agreement between General Electric and the I.U.E. and its local affiliates has been executed. The alleged activity in support of the wage grievances, therefore, has ceased, and the wage dispute has been resolved. There is no possibility of a recurrence of strikes over the precise wage disputes which were at the heart of the present case, and the contract which General Electric alleges the Union violated is no longer in effect between the parties. We may not render an opinion and order an injunction with regard to theoretical future disputes under a new collective agreement, which has not even been presented to us and which may very well not contain the precise contractual provisions at issue here. *See* McLeod v. General Electric Co., 1967, 385 U.S. 533, 87 S.Ct. 637, 17 L.Ed.2d 588; Division 1287, Amalgamated Ass'n of Motor Coach Employees of Missouri, 1963, 374 U.S. 74, 77–78, 83 S.Ct. 1657, 10 L.Ed.2d 763; Local No. 8–6, Oil, Chemical & Atomic Workers v. Missouri, 1960, 361 U.S. 363, 80 S.Ct. 391, 4 L.Ed.2d 373; Firestone Synthetic Rubber & Latex Co. v. Potter, 5 Cir. 1968, 400 F.2d 897; General Electric Co. v. Local 761, I.U.E., 6 Cir. 1968, 395 F.2d 891.

The case is therefore remanded to the District Court with instructions to dismiss as moot.

Remanded.