**Willie L. CLARK, Jr., Regional Director, Eleventh Region, National Labor Relations Board, Petitioner,**

v.

**INTERNATIONAL UNION, UNITED MINE WORKERS OF AMERICA, Respondent.**

Civ. A. No. 89–0090–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

June 7, 1989.

Willie L. Clark, Jr., Winston–Salem, N.C., Karl Kindig, Lebanon, Va., and William I. Althen, Washington, D.C., for petitioner.

William O. Shults, Washington, D.C., Michael Passino, Nashville, Tenn., and James J. Vergara, Jr., Hopewell, Va., for respondent.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

On the 24th day of May, 1989, this court entered a temporary restraining order granting temporary relief to the petitioner pending a hearing on a temporary injunction. A formal hearing was conducted on the 1st day of June, 1989 at which time, evidence was presented by the petitioner in open court, and was argued by counsel for the petitioner and respondent. Defendant has from time to time presented evidence to the court and the parties have, in addition to the testimony of witnesses in person, presented to the court affidavits and other documents. The petitioners and respondent have filed proposed findings of fact and conclusions of law with the court and this case is now ripe for decision upon the motion for a temporary injunction.

## FINDINGS OF FACT

Clinchfield Coal Company and other corporations located in Virginia filed a complaint before the National Labor Relations Board on April 17, 1989 alleging unfair

labor practices within the meaning of Section 8(b)(1)(A) of the National Labor Relations Act. The charging parties are Virginia corporations engaged in the operation of mines and coal processing facilities in Virginia and other states, including Wise, Dickenson and Russell Counties in Virginia. The charging parties annually receive goods and materials valued in excess of $50,000 directly from points outside the Commonwealth of Virginia and sell and ship products in excess of $50,000 directly to points outside the Commonwealth of Virginia. Respondent has its principal office in Washington, D.C. and is engaged within this judicial district in transacting business in promoting and protecting the interests of its employees' members who are also employees of the charging parties.

On or about April 5, 1989 and continuing until the date of this Order, respondent has been engaged in a strike at the various locations in the counties of Wise, Dickenson, and Russell in Virginia and have blocked and impeded ingress to and egress from the locations by members of the general public and by employees of the charging parties. In the course and conduct of the picket lines established and maintained at the locations and counties in Virginia set out above, the respondent has inflicted and attempted to inflict damages to the vehicles of the charging parties and to the vehicles of non-striking employees by placing "jack rocks"[1] on the roadways, by striking vehicles with picket signs and obstructing the vision of the drivers with picket signs, by standing, lying down and sitting in the road to prevent ingress to and egress from the mining facilities. A Circuit Court judge sitting in Russell County and acting on behalf of the Commonwealth of Virginia has issued an injunction against the respondent Union to prohibit conduct similar to that which is alleged and has been proven in this case. This judge has also amended said injunction and conducted at least two hearings and found the Union to be in contempt of court, all of which is a part of the record in this case. Despite the fact that an injunction has been entered by a court of the Commonwealth of Virginia and despite the fact that this court has issued a temporary restraining order enjoining the respondent from blocking ingress and egress to the property of the charging parties, the court finds that these injunctions have been and were continuing to be violated until the date of this Order and the respondent has refused to obey every aspect of the Order of the state court and the Order of this court.

### CONCLUSIONS OF LAW

The court finds that it has jurisdiction under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j), to grant injunctive relief. The court also finds that the respondent is a labor organization within the meaning of Sections 2(5) and 8(b) of the Act and that the charging parties are employers engaged in commerce within the meaning of Sections 2(6) and (7) of the Act. The Union has engaged in unfair labor practices within the meaning of Section 8(b)(1)(A) of the Act which have affected commerce within the meaning of the Act and a continuation of these practices will impair the policies of the Act. This court has taken steps to attempt to have its Order obeyed pending final disposition of the matter herein involved and the matters pending before the Board. The respondent and its officers, representatives, agents, employees, and other members, acting in concert have committed unfair labor practices and continue to do the same and have been found to be in contempt of both this court and the state court.

Respondent contends that this court should not exercise jurisdiction in this case because of the outstanding injunction issued by a circuit judge for the Commonwealth of Virginia. Respondent argues that this state court action has two effects: first, due to that action, there is not a "just and proper" cause for a federal court to issue a § 10(j) injunction and, secondly, that injunction makes an injunction by this

---

**1.** "Jack rocks" consist of two nails welded together so that, when the "jack rock" is thrown down, one point of the nail will always be pointing up.

court unnecessary. In *D'Amico v. A.G. Boone Co.*, 647 F.Supp. 1546 (W.D.Va. 1986), Judge Turk set forth a test for determining when it is proper for injunction to issue under § 10(j);

> Whether an injunction is just and proper can depend on three variables: whether it will preserve or restore the status quo, *McLeod v. General Electric Company*, 366 F.2d 847, 850 (2d Cir.1966), *set aside on other grounds*, 385 U.S. 533, 535, 87 S.Ct. 637, 639, 17 L.Ed.2d 588 (1967), whether it will serve the public interest, *Eisenberg v. Hartz Mountain Corp.*, 519 F.2d 138, 143 (3rd. Cir.1975), and whether it will serve the basic remedial purpose of the Act. *Squillacote v. Meat & Allied Food Workers, Local 248*, 534 F.2d 735, 744 (7th Cir.1976).

*Id.* at 1549.

The court concludes that an injunction in this case is proper under this test. Obviously the status quo is not being maintained by the state court action. In fact, numerous Virginia State Police are arresting fifty to seventy-five people per day for violating the state court injunction. Moreover, this court has viewed photographs and found that the most recent photographs show the same impediments and the same situation as existed long before this suit was even filed. It seems somewhat ridiculous to argue that this court cannot take action to try to maintain the status quo when a pending state court action has to this time utterly failed. Also, the court concludes that it is both in the public interest and in furtherance of the National Labor Relations Act to enjoin the type of activity described above in the court's findings of fact.

Respondent also argues that the court should not exercise jurisdiction because it is unnecessary in light of the state court action. Respondent cites two Supreme Court cases—*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); and *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978)—which simply stand for the proposition that a district court judge has the discretion to refuse to entertain a proceeding that parallels a state court proceeding.

Respondent notes that the standards that the Supreme Court employed in these cases have been "used in labor cases to prevent overlapping and unnecessary injunctions addressed to preventing work stoppages." Memorandum in Support of Motion of International Union to Stay Section 10(j) Proceedings p. 8. This court probably would exercise its discretion and refuse to hear this case if there were an indication that there was an effective state court action making an injunction by this court unnecessary. As noted above, however, the state court action has not been effective. Therefore, this court believes that exercising jurisdiction in this case is necessary.

The Union has also argued to this court that there are pending labor practices charges which have been filed by the Union. This court finds that the only complaint which is being processed in Region Eleven of the National Labor Relations Board is being acted upon in an expeditious manner and the grievance filed by the Union is being properly adjudicated at this time. The Union has admitted to the court in chambers and indeed in open court that it has no objection to the form of the injunction and that it is much more narrow than that which has been entered by the Commonwealth of Virginia.

To summarize, the respondent is engaged in massive, daily, round-the-clock civil disobedience occurring in the presence of large numbers of Virginia State Police, who have been unable to stop the disobedience. Arrests for violation of state law have created a tremendous burden on state courts, without diminishing the civil disobedience. Civil disobedience on such a scale is one step short of anarchy. If a § 10(j) proceeding is not justified in such a case, the law is meaningless.

This court finds that the relief sought by the petitioner in this case is "just and proper" under § 10(j) of the Act. Accordingly, an Order will be entered granting the temporary relief which has been sought by the petitioner.